**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

United States of America, )
)
v. ) Criminal No. 20-167
)
JOSHUA W. WELLING, )
)
Defendant. )

**MEMORANDUM OPINION**

## I. Introduction

Pending before the court is a motion for early termination of supervised release filed by defendant Joshua Welling ("Welling") (ECF No. 2). Welling argues that his term of supervised release should be terminated because he completed educational, vocational and drug treatment programs while incarcerated, including serving as a mentor in the BRAVE program, has remained clean and sober and complied with all conditions of supervised release, earned an electrician apprentice license and obtained a good union job, completed his community service, and is in a stable marriage. The government filed a response in opposition (ECF No. 5), contending that early termination of Welling's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). Welling's motion for early termination of supervised release is fully briefed and ripe to be decided by the court. For the reasons set forth in this opinion, Welling's motion for early termination of supervised release will be denied without prejudice to refile.

## II.     Procedural History

On March 30, 2010, in the United States District Court for the Central District of Illinois, Welling pleaded guilty to a 7-year, large-volume marijuana conspiracy.  On July 30, 2010, that court sentenced Welling to a term of imprisonment of 240 months, followed by a term of supervised release of 10 years.

In 2011, Welling's prison term was reduced to 180 months.  In 2015, Welling's prison term was reduced again, to 75 months.  His term of supervised release remained 10 years.  Welling was released from prison in October 2015.  His case was transferred to this court on January 22, 2016.  There was no activity on the docket until the pending motion.  Welling has completed roughly half of his term of supervised release.

"Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release."  United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).  This court did not impose the original sentence and, therefore, its information is limited to the docket records provided by the transferring court (ECF No. 1) and the materials submitted by the parties.  Welling submitted numerous certificates of completion of educational and vocational programs.  The docket reflects that the government filed a § 851 Information about a prior felony drug conviction by Welling as a basis for increased punishment.  This court does not have access to the statements of reasons for imposing the original sentence or the subsequent reductions of Welling's prison term.  The court obtained and reviewed Welling's presentence investigation report ("PIR"), prepared in June 2010.

## III. Discussion

### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, No. 20-1158, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);
- the sentencing range established by the Sentencing Commission, § 3553(a)(4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

---

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 2020 WL 6108619, at *3. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id.

The Third Circuit Court of Appeals recently clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances ***must*** be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion

---

[2] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Welling's term of supervised release is warranted by his conduct and in the interest of justice.

**B. Section 3553(a) Factors**

**1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)**

Welling's crime was a serious and long-lasting drug conspiracy which involved over 1,000 kilograms of marijuana. Welling had at least one prior felony drug conviction. The sentencing court imposed a lengthy term of imprisonment of 240 months and a 10-year term of supervised release, which was the mandatory minimum term of supervised release required by statute. 18 U.S.C. § 841(b)(1)(A). There is limited information in the record about Welling's history and characteristics. The court was able to review information about his family circumstances, substance abuse, education and work history through the date of the PIR in June 2010. Welling was in criminal history category IV and committed the offense while on supervision. In the pending motion, Welling states – to his credit – that although he felt in 2010 that going to prison was the worst thing that could happen, he realizes now "that going to prison saved my life with the lifestyle I was involved in." (ECF No. 2). The court recognizes that Welling has engaged in substantial rehabilitative efforts and now has a good job and a supportive family. The court applauds Welling's efforts and urges him to continue "living [his] life the way that [he] should have been all along." (ECF No. 2).

Based upon the information presented to this court, Welling has led a law-abiding life since his release from imprisonment. The serious nature of his crime and his criminal history, however, weigh against the early termination of his supervised release. As the government points out, the fact of his compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.

***2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)***

Welling has already received the benefit of two significant reductions in his term of imprisonment, from 240 months to 75 months. The sentencing court never reduced the term of supervised release, which remained 10 years. A lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant. Under those circumstances, early termination of Welling's supervision is not warranted.

***3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)***

The original advisory guideline range for imprisonment would have been 121-151 months, except for the statutory mandatory minimum prison term of 240 months. The advisory guideline range for a term of supervised release was, and remains, the mandatory minimum term of 10 years. There is no evidence that this factor warrants early termination of supervised release, particularly in light of the statutory mandatory minimum of 10 years.

***4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

The parties did not discuss any pertinent policy statements.

***5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).***

There is no evidence that Welling's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, particularly in light of the statutory mandatory minimum of 10 years of supervised release.

***6. The need to provide restitution to any victims of the offense, § 3553(a)(7).***

This factor is not applicable.

**C. Whether early termination is warranted and in the interest of justice**

In support of his motion, Welling asserts that he abided by all conditions of supervised release. Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Welling did not articulate any particular hardship that he experiences due to the terms of his supervision. If there is a particular adverse impact, Welling should explore

with his probation officer whether his conditions can be modified to address his concern. Welling's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime, the need to deter criminal conduct, and the mandatory minimum term of supervised release being 10 years, the interests of justice are best served by him completing his term of supervised release.

## IV.     Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 2) without prejudice.

An appropriate order follows.

Dated: February 5, 2021                                     BY THE COURT:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge