IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) Criminal No. 20-167 |
| | ) |
| **JOSHUA W. WELLING,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.   Introduction**

On February 5, 2021, the court issued an opinion and order which denied without prejudice the pro se motion for early termination of supervised release filed by defendant Joshua Welling ("Welling") (ECF Nos. 6, 7).  On April 19, 2023, the court denied Welling's second motion for early termination (ECF Nos. 12, 13).  Pending now before the court is a third motion for early termination of supervised release filed by counsel on behalf of Welling (ECF No. 16).  The government filed a response in opposition (ECF No. 18), and the motion is ripe for disposition.

Welling points out that he has served more than 9 years of his 10-year term of supervised release.  He argues that supervision should be terminated because he has turned his life around, obtained a good union job, and remains committed to rehabilitation.  Welling explains that he "is interested in moving to South Carolina," (ECF No. 16 at 4), but believes it would be more difficult to find housing and employment there if he is still on supervised release.  Welling acknowledges that he could request transfer of his supervision to South Carolina, but characterizes supervised release as a mental and logistical burden that is delaying him from

moving on with his life. Welling concedes that his circumstances are not extraordinary, but they are meaningful (ECF No. 16 at 5).

The government contends that early termination of Welling's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a), for the reasons set forth in the court's two prior opinions. The government notes that the court instructed Welling that if he encountered any hardship, he should confer with the probation office to modify his conditions to address that hardship. The government argues that Welling's desire to explore a move to South Carolina and generalized fears about potential burdens he may encounter if he does relocate do not justify early termination.

The court largely agrees with the government. Welling's motion for early termination of supervised release will again be denied without prejudice to refile if he undertakes a firm decision to relocate, encounters difficulties, and is unable to obtain appropriate support from the probation office. The court encourages Welling to contact his probation officer to explore ways in which the probation office might be able to assist – rather than burden -- his relocation.

The court incorporates its legal analysis as set forth in its prior opinions. Based upon the information presented to this court, Welling has led a law-abiding life since his release from imprisonment. The serious nature of his crime, his criminal history, and the mandatory minimum term of supervised release being 10 years, however, weigh against the early termination of his supervised release. The fact of his compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.

## II.	Conclusion

Based upon the foregoing, the court will deny the third motion for early termination of supervised release (ECF No. 16) without prejudice.  The court encourages Welling to contact his probation officer to explore ways in which the probation office might be able to facilitate his relocation to South Carolina.

An appropriate order follows.

Dated:  January 22, 2025                     BY THE COURT:

                                             /s/ JOY FLOWERS CONTI
                                             Joy Flowers Conti
                                             Senior United States District Judge